```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDWIN A. MEDINA,                                           :
                                                           :    Civil Action No.
                           Plaintiff,                      :
        -against –                                         :    COMPLAINT
                                                           :
NEXT FABRICS, LLC and                                      :
BRUCE M. WEINTRAUB,                                        :
                                                           :
                           Defendants.                     :
-----------------------------------------------------------X
```

Plaintiff Edwin A. Medina ("Plaintiff") files this Complaint against defendants Next Fabrics, LLC ("Next Fabrics") and Bruce M. Weintraub ("Weintraub"), collectively "Defendants") and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Complaint against Defendants alleging that they failed to pay Plaintiff overtime compensation pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and that he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) liquidated damages equal to that amount; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to New York Labor Law ("NYLL"), he is entitled to recover from the Defendants: (1) unpaid minimum wage and overtime compensation; (2) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

## PARTIES

3. Plaintiff Edwin A. Medina is a citizen of New Jersey residing at 73B Jersey Street, Patterson, New Jersey 07501.

4. Defendant Next Fabrics, LLC is a limited liability company which has its current principal place of business at 146 West 46th Street, Front 4, New York, New York 10001. It originally filed with the New York Department of State as a domestic limited liability company on September 3, 1998.

5. Defendant Bruce M. Weintraub is a citizen of New York residing at 497 Greenwich Street, Apartment 5A, New York, New York 10013. He is an owner of Next Fabrics. During the applicable time period covered by this lawsuit, Weintraub was involved in and/or controlled the employment and supervision of Next Fabric's employees and was involved in and/or controlled Next Fabric's payroll policies and practices.

6. Each of the Defendants are private employers covered by the FLSA, 29 U.S.C. § 203(d), and New York Labor Law, § 190(3).

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer in any Federal or State court of competent jurisdiction" 29 U.S.C. § 216(b).

8. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

9. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367

over Plaintiff's state law claims because those claims arise out of the same nucleus of operative facts as Plaintiff's FLSA claims.

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b), as the defendants reside in this judicial district.

## STATEMENT OF FACTS

11. Defendant Next Fabrics first hired Plaintiff on or about mid-2012 as a non-exempt employee working in a warehouse for Next Fabrics located in Patterson, New Jersey.

12. Plaintiff worked for about ten months until about mid-2013 before he quit. During this time he was paid at the rate of $10 per hour.

13. Plaintiff returned to work on or about June 2014 and was paid at the rate of $12 per hour until on or about July 2017 when Defendant Next Fabrics terminated him.

14. During the June 2014 to July 2017 time period, Plaintiff often worked more than forty (40) hours per week, and was paid every two weeks.

15. During that time period Plaintiff did not receive any overtime pay from Defendants, at the rate of time and one-half his straight hourly rate, for any of the hours he worked beyond the forty (40) hours in any given week.

16. During that same period, Plaintiff periodically worked for more than ten (10) hours per day, but did not receive any spread-of-hours pay as required by the New York Labor Law.

17. Plaintiff came back to work for Defendants at the same warehouse in Patterson, New Jersey on or about October 2018 initially at the rate of $14 per hour. On or about June 2019 Plaintiff received a raise in pay to $17 per hour.

18. Plaintiff worked for Defendants until on or about December 28, 2019 at which time he was terminated.

19. For the time period on or about October 2018 to December 28, 2019, Plaintiff often worked more than forty (40) hours per week, and was paid every two weeks.

20. During that time period Plaintiff did not receive any overtime pay from Defendants, at the rate of time and one-half his straight hourly rate, for any of the hours he worked beyond the forty (40) hours in any given week.

21. During that same period, Plaintiff periodically worked for more than ten (10) hours per day, but did not receive any spread-of-hours pay as required by the New York Labor Law.

22. During the time periods June 2014 through July 2017 and then October 2018 through December 28, 2019 Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff the FLSA overtime rate (of time and one-half) and the New York Labor Law overtime rate and spread of hours premiun direct violation of the FLSA and the New York Labor Law, and the supporting federal and New York State Department of Labor Regulations.

## STATEMENT OF CLAIM

### COUNT 1: FLSA-Overtime Wages

23. Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

24. At all relevant times, upon information and belief, Defendants were an employer engaged in interstate commerce and/or the provision of services for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of 29 U.S.C. §§ 206(a) and 207(a),

25. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

26. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

27. Plaintiff was entitled to be paid at the rate of time and one-half for all the hours worked in excess of the maximum hours, provided for in the FLSA.

28. Defendants failed to pay Plaintiff overtime compensation in the lawful amount in excess of the maximum hours provided for in the FLSA.

29. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated FLSA, 29 U.S.C. §§ 201, *et. seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

30. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in

excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff. Instead, Defendants paid him at his regular hourly rate of pay.

31. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

32. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 216(b).

33. Due to the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment and post-judgement interest thereon.

34. Plaintiff is also entitled to an award of his reasonable attorneys' fees, costs, and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II: NYLL – Overtime, Spread-of-Hours Pay**

35. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

37. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay Plaintiff the required overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek during the time

periods of on or about June 2014 through July 2017, and on or about October 2018 through on or about December 28, 2019.

38. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

39. Defendants knowingly and willfully violated the rights of Plaintiff by failing to pay "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations during the time periods of on or about June 2014 through July 2017, and on or about October 2018 through on or about December 28, 2019.

40. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

41. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants the difference between his actual wages and the amounts that were owed under the New York Labor Law. The deficiency accounts for overtime compensation for all overtime hours, and "spread of hours" premium.

42. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

43. Plaintiff is also entitled to reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), 198.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

(a) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b) An award of unpaid "spread of hours" premium under the New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' overtime compensation and "spread of hours" premium pursuant to the New York Labor Law t;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b) and the New York Labor Law; and

(g) Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
June 3, 2020

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY 10017
(718) 669-0714
mgangat@gangatllc.com
*Attorneys for Plaintiff Edwin A. Medina*